IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MP,

    Plaintiff,

v.                                    CASE NO.: 4:06cv52-SPM/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS and FLORIDA
DEPARTMENT OF EDUCATION,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

From August 29, 2005, to January 5, 2006, MP was incarcerated as an adult at Lancaster Correctional Facility ("Lancaster"). He was 19 years old at the time. He had been a special education student in the 11th grade at Leon County High School. While at Lancaster, MP received adult educational services, passed the math subset[1] and obtained a General Equivalency Diploma ("GED").

MP contends that during the time he was at Lancaster, the Florida Department of Corrections and Florida Department of Education failed to carry out their duties under the Individuals with Disabilities Education Act ("IDEA"). MP

---

[1] Prior to his incarceration, MP had taken and passed the other parts of the GED test.

requested a due process hearing before an administrative law judge. The administrative law judge entered a final summary order dismissing the proceeding because MP received a high school equivalency diploma and was therefore no longer eligible for special education services. Doc. 7 at 17-19. This Court has jurisdiction under the IDEA to review the administrative law judge's decision under a de novo standard. 20 U.S.C. 1415(1)(2); C.P. v. Leon County School Bd., 483 F.3d 1151, 1153, 1156 n.4 (11th Cir. 2007). Upon de novo review, the Court finds that the administrative law judge correctly found that MP completed his secondary education when he received his GED and was therefore not entitled to additional special education services.

MP does not refute his passing marks on the GED test. Instead, he argues that he is entitled to special education services despite his GED. A state is not required to provide special education services under the IDEA after a student graduates from secondary school. T.S. v. Indep. Sch. Dist. No. 54, 265 F.3d 1090 (10th Cir. 2001). In Florida, "secondary school" constitutes education from grades 6 through 12. Fla. Stat. § 1003.413. A student can complete secondary school by graduating with a high school diploma or a GED. Fla. Stat. § 1003.435.

Although current IDEA regulations exclude "an alternative degree that is not fully aligned with the state's academic standards, such as a certificate or a general education developmental credential (GED)" from the definition of "regular

high school diploma" the regulation took effect after MP filed suit.  34 C.F.R. § 300.102(a)(3)(iv) (2006); Kenton County Sch. Dist. v. Hunt, 384 F.3d 269, 283 (6th Cir. 2004) (IDEA regulations not retroactively applied); Escambia County Bd. of Educ. v. Benton, 406 F.Supp.2d 1248, 1265 (S.D. Ala. 2005) (same). Furthermore, in  Florida, a GED has equal status to a high school diploma awarded in the state.  Fla. Stat. § 1003.435(6)(a).

MP contends that it was inappropriate to encourage MP to work toward a GED while at Lancaster instead of providing him with a high school curriculum. Florida law provides that adults in state correctional facilities receive adult basic instruction targeted toward achievement of a GED.  Fla. Stat. § 944.801.  For prisoners over 18 years of age, the state law and practice is to require youthful offenders to enroll "in an adult education program designed to aid the offender in improving his or her academic skills and earning a high school diploma."  Fla. Stat. § 958.045.  Thus the adult education program provided to MP was not contrary to the standards of free and appropriate public education offered by the Florida Department of Corrections under the IDEA, 20 U.S.C. § 1401(9); and it was consistent with state law and practice.  See Tunstall v. Bergeeson, 5 P.3d 691, 706 (Wash. 2000) (under 20 U.S.C. §1412(a)(1)(B)(1) the state was not required to provide special education to students over age 18 incarcerated in adult prison since it did not provide basic educational services to nondisabled students over age 18 incarcerated in adult prison).

CASE NO.: 4:06cv52-SPM/WCS

Page 4 of 4

Based on the foregoing, the Court finds that the administrative law judge did not err and that Plaintiff's rights under the IDEA were not violated. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendants' motions for summary judgment (docs. 86 and 88) are granted. The clerk shall enter judgment dismissing Plaintiff's claims with prejudice.

2. Plaintiff's Motion for Rulings on Important Issues (doc. 87) is granted as provided in this order and otherwise denied as moot.

3. Plaintiff's Motion to Clarify Citation (doc. 140) is granted. Plaintiff's clarification is acknowledged for the record.

4. The motions to strike (doc. 146 and 147) are denied as moot.

DONE AND ORDERED this 30th day of September, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:06cv52-SPM/WCS